**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.

| | |
|---|---|
| THE LOMNITZER LAW FIRM, P.A.<br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| MALIBU MEDIA, LLC<br>    Defendant | )<br>)<br>)<br>) |

**COMPLAINT**

NOW COMES THE PLAINTIFF, by and through undersigned counsel, and complains against Defendant, and alleges as follows:

**FACTS COMMON TO AND APPLICABLE TO ALL COUNTS**

**The parties, personal jurisdiction, venue and subject matter jurisdiction:**

1.  Plaintiff The Lomnitzer Law Firm, P.A. (hereafter "Lomnitzer Law" or the "Firm") is, and at all relevant times has been, a Florida Corporation having a principal place of business at 7999 N. Federal Highway, Boca Raton, Palm Beach County, Florida 33487, within this judicial district and division.

2.  Defendant Malibu Media, LLC. (hereafter "Malibu") is, on information and belief, a Limited Liability Company duly organized and existing under the laws of the State of California, and having a place of business at 9701 Wilshire Blvd, 10th Floor, Beverly Hills, CA 90212.

3.  On or about May 26, 2017, the Firm and Malibu entered into an engagement agreement (hereafter the "Agreement") under which Malibu was identified as the "Client" and the

Firm was to provide legal services to Malibu. A copy of the Agreement is not attached but will be provided under seal.

4. Insofar as relevant to the present dispute, the Agreement provided that Palm Beach County, Florida, would be the proper jurisdiction and venue for any collection suit against Malibu.

5. Insofar as relevant to the present dispute, the Agreement provided that the law of Florida applies to the Agreement.

6. Count I is for breach of the engagement agreement (breach of contract) between citizens of different states, the amount in controversy exceeds $75,000 and this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

7. Count II is for an Account Stated under the laws of the State of Florida between citizens of different states, the amount in controversy exceeds $75,000 and this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

8. Count III is for an Open Account under the laws of the State of Florida between citizens of different states, the amount in controversy exceeds $75,000 and this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

9. The Firm provided legal services to Malibu commencing on or about May 26, 2017 pursuant to the Agreement, including but not limited to coordinating litigation on behalf of Malibu on a nation-wide basis, receiving settlements of such litigation, depositing such settlements into the Firm's trust account, paying court filing fees, paying process server fees, paying investigators fees, and paying of expense in connection with the deposition of Malibu.

10. The Firm issued invoices to Malibu on a regular basis for the services provided to Malibu under the Agreement, paid some of the Firm's invoices from the monies deposited into the Firm's trust account, and remitted monies from the Firm's trust account to Malibu.

11. On or about October 31, 2018, the Firm and Malibu entered into an Addendum to the Agreement reflecting, *inter alia,* the frequency of invoices to Malibu, the maximum amount of services to be invoiced each month, and the frequency of payments of the Firm's invoices.

12. The Agreement and/or Addendum provided that the Firm and Malibu each had the right to terminate the relationship by giving a thirty (30) day notice.

13. Beginning at a date presently unknown, Malibu began a program of circumventing the Agreement, the Addendum, and the relationship between the Firm and Malibu.

14. Beginning at a date presently unknown, Malibu instructed attorneys in various jurisdictions that were representing Malibu in the nationwide litigation that was being coordinated by the Firm to by-pass the Firm and to remit settlement monies from such litigation other than to the Firm while still expecting the Firm to pay court filing fees, process server fees, etc., all incurred for and on behalf of and for the benefit of Malibu.

15. On August 30, 2019, the Firm terminated its representation of Malibu.

## **COUNT I – BREACH OF CONTRACT**

16. The Firm realleges paragraphs 1 – 6 and 9 - 15 as fully and completely as if set forth verbatim.

17. A valid Agreement exists between the Firm and Malibu.

18. Malibu is in breach of the Agreement by arranging to have settlement funds by-pass the Firm, and for failure to otherwise remit payment for the Firm's invoices with the result that the Firm's invoices have not been paid.

19. As of December 31, 2019, the Firm has 57,451.20 in its Trust Account for the benefit of Malibu. Subsequent to December 31, 2019, the Firm received an additional $416.67

which has been deposited into its Trust Account thus the total in the Firm's Trust Account as of the date of filing this Complaint is $58,867.87.

20. As of December 31, 2019, the Firm has issued invoices to Malibu in the amount of $262,549.92 that are currently open and unpaid.

21. As of December 31, 2019, the Firm has received third-party invoices for expenses incurred on behalf of Malibu in the total amount of $10,888.34 which the Firm has not yet paid.

22. The Agreement and Addendum provide, *inter alia,* for the payment to the Firm of interest on invoices unpaid within thirty (30) days at the rate of eighteen (18) per cent per annum. As of December 31, 2019, the total amount of interest is $17508.40.

23. The Agreement and Addendum provide, *inter alia,* that the Firm shall have a charging lien against any financial recovery, settlement and/or benefit inuring to the benefit of the Client as a result of the Firm's representation of the client.

24. Client, beginning at a date unknown to the Firm, engaged attorney Jason (Jay) Kotzker to handle various matters including resolution of the failure of Client to pay the Firm's invoices.

25. At various dates including at least September 17, 2019, September 20, 2019, September 23, 2019, September 26, 2019, October 1, 2019, October 8, 2019, and October 15, 2019, Mr. Kotzker, on behalf of Malibu, sought and/or received information that Malibu already had, under the pretense of seeking a resolution, and/or promised to propose a solution but as of the date of filing this Complaint, Malibu has not disputed any of the Firm's explanations as to the amount owed and/or justified Malibu's attempts to avoid payment of the Firm's invoices by having settlements by-pass the Firm as described above.

26. The Agreement provides, *inter alia,* for payment of reasonable attorney fees and costs in connection with efforts by the Firm to collect on its invoices.

27. The Firm has engaged the undersigned and agreed to pay a reasonable attorney fee in connection with collection of its attorney fees.

28. Malibu is in breach of the Agreement and/or the Addendum by non-payment of the Firm's invoices.

29. The actions of Malibu are to the damage and injury of the Firm.

## COUNT II – ACCOUNT STATED

30. The Firm repeats and realleges paragraphs 1-5, 7, 9 -15 and 17-27 as fully and completely as if set forth herein verbatim.

31. Pleading in the alternative, under the laws of the State of Florida, Malibu had an obligation to timely examine each invoice from the Firm and state any and all objections thereto within a reasonable time.

32. The parties have had various transactions with each other including issuing of invoices by the Firm, requests by Malibu for information about invoices to which the Firm promptly and completely responded, the absence of objections to such invoices, information and explanation by Malibu within a reasonable time, and the payment of some of such invoices by the Firm using monies in the Firm's trust account as agreed between the parties.

33. The balance owing to the Firm is true and correct.

34. Malibu, at least pursuant to the Agreement and Addendum, made an express and/or implied promise to pay the balance plus interest on invoices unpaid for 30 days.

35. Malibu has failed to pay the balance to the damage and injury of the Firm.

## **COUNT III – OPEN ACCOUNT**

36. The Firm repeats and realleges paragraphs 1-5, 8-15 and 17-27 as fully and completely as if set forth herein verbatim

37. Pleading in the alternative, under the laws of the State of Florida, an "open account" is an unsettled debt arising from the work performed by the Firm, with the expectation of future settlements and adjustments.

38. An itemized copy of the account is attached hereto as Exhibit A.

39. Malibu owes the Firm the amount of $280,058.32 plus additional interest accruing after December 31, 2019.

**WHEREFORE,**

PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEENDANT MALIBU AS FOLLOWS:

A. Judgment that Malibu owes the Firm the amount of $280,058.32 plus interest;

B. An Order authorizing the Firm to apply the full amount being held in its trust account for the benefit of Malibu against the outstanding and unpaid invoices issued by the Firm to Malibu;

C. An Order confirming the Firm's lien against all proceeds of all pending litigation in which Malibu is a Plaintiff;

D. An Order preliminarily enjoining Malibu, its employees, officers, directors, agents, attorneys, and those in active concert or participation with one or more of them, from

    disbursing any settlement monies from any and all pending litigation nationwide to anyone other than the Firm and/or the undersigned's trust account pending resolution of the instant litigation;

E. An award of reasonable attorney fees and costs; and

F. For such other and further relief as to the Court appears just and proper.

Dated: January 9, 2020                                             Respectfully submitted,

By: /s/ Jerold I. Schneider
Jerold I. Schneider
Florida Bar No.: 26,975
Jerold I. Schneider, P.A.
7127 Corning Cir.
Boynton Beach, FL 33437-3987
Telephone: (561) 309-5374
Jerold.schneider@schneideriplaw.legal

*Attorney for Plaintiff*