# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.9:20-cv-80027-ALTMAN/Brannon

| | |
|---|---|
| THE LOMNITZER LAW FIRM, P.A. | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MALIBU MEDIA, LLC | ) |
| Defendant | ) |

## PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT

NOW COMES THE PLAINTIFF, by and through undersigned counsel, and moves for Default Final Judgment against the Defendant pursuant to this Court's Order on Default Judgment Procedure (ECF No. 10) and states as follows:

1. Defendant was served with the Summons and Complaint on January 12, 2020 (ECF No. 7). Defendant's response to the complaint was due on February 7, 2020. No response has been filed and no application for an extension of time has been filed.

2. The Clerk Entered Default on February 10, 2020 (ECF No. 9).

3. The concurrently filed Affidavit/Declaration of Lorri Lomnitzer, President of Plaintiff, established the following:

    a. The Lomnitzer Law Firm, P.A. ("The Firm") provided legal services to Defendant pursuant to an Engagement Agreement including but not limited to coordinating litigation on behalf of Defendant on a nationwide basis, receiving settlements of such litigation, depositing such settlements into the Firm's trust account, and paying certain fees and expenses in connection with Malibu's litigation. The Firm

issued invoices to Malibu on a regular basis for the services provided to Malibu under the Engagement Agreement, paid some of the Firm's invoices from the monies deposited into the Firm's trust account, and remitted monies from the Firm's trust account to Malibu.  On or about October 31, 2018, the Firm and Malibu entered into an Addendum to the Agreement reflecting, inter alia, the frequency of invoices to Malibu, the maximum amount of services to be invoiced each month, and the frequency of payments of the Firm's invoices. The Firm issued invoices to Malibu on a regular basis for the  incurred expenses in connection with the provision of those legal services. (Affidavit/Declaration of Lorri Lomnitzer, ¶¶3-4)

b. Beginning at a date presently unknown, Malibu began a program of circumventing the Agreement, the Addendum, and the relationship between the Firm and Malibu by instructing attorneys in various jurisdictions that were representing Malibu in the nationwide litigation to by-pass the Firm and to remit settlement monies from such litigation other than to the Firm while still expecting the Firm to pay  expenses incurred for and on behalf of and for the benefit of Malibu. (Id. ¶5)

c. The facts in the complaint are verified except as to Defendant's new (last known) address, and various dollar figures are corrected/updated. (Id. ¶¶6-8).

4. The  current financial status is as follows:

a. Plaintiff currently is holding $58,284.34 in its attorney trust account;

b. Defendant currently owes Plaintiff, excluding interest, based on invoices listed in Exhibit A to the Complaint the amount of: $262,549.92

c. Defendant further owes Plaintiff Interest through 12/31/19

    based on the provision in the Engagement Agreement providing

    for interest, as stated in the complaint, in the amount of:     $17,508.40

  d. Defendant further owes Plaintiff Interest for the period of

    1/1/20 through 2/29/20 in the amount of:     $7,876.50

  e. Defendant further currently owes Plaintiff for various third-party

    Invoices as set forth in paragraph 21 of the Complaint,

    it being understood, however, that Plaintiff does not undertake

    to pay those third-party invoices unless and until Plaintiff

    collects that amount from Defendant over and above

    the amounts Defendant otherwise owes Plaintiff;     $10,888.34

  f. Defendant further owes Plaintiff the costs of this action

    in the amount of     $475.00

  g. Defendant further owes Plaintiff its reasonable attorney fees

    in an amount to be determined by the Court based on the

    attorney-fee provision in the Engagement Agreement

    as stated in the complaint. (Affidavit/Declaration of Lorri Lomnitzer ¶¶8(a-g),9)

5. The total amount that Defendant owes Plaintiff based on Paragraphs 4(b) through 4(g) above is $ 299,298.16 plus reasonable attorney fees, it being understood that the amount in Paragraph 4(e) above is not listed specifically in the summary in paragraph 8 of the Affidavit/Declaration of Lorri Lomnitzer but does appear in Paragraph 21 of the now-verified complaint.

6. Plaintiff proffers to provide copies of the Engagement Agreement and invoices to the Court under seal if the Court wishes to review copies of such documents.

7. No affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. §3931(b) is applicable.

*Relief requested:*

1. Plaintiff seeks entry of Final Default Judgment in the amount of $299,298.16 plus reasonable attorney fees.

2. Plaintiff seeks authorization from the Court to take the funds being held in its trust account in the amount of $59,284.34 and apply those funds to pay Plaintiff's invoices to the Defendant, oldest invoices first.

3. Plaintiff seeks leave to submit is application for attorney fees as provided for in Local Rule 7.3.

A proposed order and a proposed final judgment are submitted concurrently pursuant to this Court's CM/ECF Administrative Procedures.

### SPECIAL CERTIFICATE OF SERVICE

On February 10, 2020, the undersigned received an e-mail from attorney Jason (Jay) Kotzker stating: "Ms. Pelissier has asked me to reach out to you to request a short extension of time within which to answer the complaint filed against Malibu Media, LLC.  This firm will not

be handling the matter, but is seeking the professional courtesy of the extension on behalf of the company.  I believe a week or two would be sufficient." The e-mail was sent from jason@klgip.com.  Ms. Pelissier (Ms. Colette Pelissier) has been identified as the principal of Malibu and the person who signed the Engagement Agreement with Plaintiff on behalf of Defendant.

Also, on February 10, 2020, the undersigned received an e-mail from attorney David E. Rosen stating: "This follows up on my earlier voicemail.  I am counsel for Malibu Media.  We are in the process of locating local counsel to defend the above-referenced action.  Please let me know if you will agree to a 2-week extension of time to respond to the complaint." The e-mail was sent from drosen@murphyrosen.com.

The undersigned responded to both of the above emails the same day, February 10 2020 but has not heard back from either attorney.

I hereby certify that copies of the foregoing Motion and Affidavit/Declaration of Lorri Lomnitzer have been served as follows:

1. via e-mail to Mr. Kotzker at jason@klgip.com;

2. via e-mail to Mr. Rosen at drosen@murphyrosen.com;

3. The Court's Order (ECF No. 10) requires a copy of the motion be sent to Defendant, and because the aforementioned attorneys have not confirmed that they represent Defendant in this matter, a copy of the foregoing Motion and Affidavit/Declaration of Lorri Lomnitzer have been served on Defendant by first class mail, postage pre-paid, addressed to Colette Pelissier, Agent for Service, Malibu Media, LLC, 30700 Russell Ranch Road, Suite 250, Westlake Village, CA. 91362,

all the above being served on this 26th day of February, 2020.

Dated: February 26, 2020

Respectfully submitted,
/s/ Jerold I. Schneider
Jerold I. Schneider
Florida Bar No.: 26975
Schneider IP Law
7127 Corning Cir.
Boynton Beach, FL 33437-3987
Telephone: (561) 309-5374
Jerold.schneider@schneideriplaw.legal
  *Attorney for Plaintiff*