**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.9:20-cv-80027-CIV-ALTMAN/Brannon

| | |
|---|---|
| THE LOMNITZER LAW FIRM, P.A. )<br>     Plaintiff )<br> )<br> )<br>     v. )<br> )<br>MALIBU MEDIA, LLC )<br>     Defendant )<br> ) | |

**DECLARATION OF LORRI LOMNITZER IN SUPPORT OF PLAINTIFF'S MOTION
FOR DEFAULT FINAL JUDGMENT**

I, Lorri Lomnitzer state as follows:

1. My name is Lorri Lomnitzer. I am over the age of 18, an attorney licensed to practice law in the State of Florida and admitted to practice in this court. I am presently practicing law as The Lomnitzer Law Firm, P.A. and I am President of The Lomnitzer Law Firm, P.A.

2. I am over the age of 18, and this I make this declaration in support of Plaintiff's Motion for Default Final Judgment based on my own personal knowledge except where otherwise expressly stated.

3. The Lomnitzer Law Firm, P.A. (hereafter "The Firm") provided legal services to Defendant (hereafter "Malibu") pursuant to an Engagement Agreement.

4. As an overview, the Firm provided legal services to Malibu commencing on or about May 26, 2017, including but not limited to coordinating litigation on behalf of Malibu on a nation-wide basis, receiving settlements of such litigation, depositing such settlements into the Firm's trust account, and paying certain fees and expenses in connection with Malibu's litigation. The Firm issued invoices to Malibu on a regular basis for the services

provided to Malibu under the Engagement Agreement, paid some of the Firm's invoices from the monies deposited into the Firm's trust account, and remitted monies from the Firm's trust account to Malibu. On or about October 31, 2018, the Firm and Malibu entered into an Addendum to the Agreement reflecting, inter alia, the frequency of invoices to Malibu, the maximum amount of services to be invoiced each month, and the frequency of payments of the Firm's invoices.

5. Beginning at a date presently unknown, Malibu began a program of circumventing the Agreement, the Addendum, and the relationship between the Firm and Malibu by instructing attorneys in various jurisdictions that were representing Malibu in the nationwide litigation to by-pass the Firm and to remit settlement monies from such litigation other than to the Firm while still expecting the Firm to pay expenses incurred for and on behalf of and for the benefit of Malibu.

6. For completeness, I hereby verify the facts stated in Paragraphs 1 – 26 and 28- 39 of the Complaint except as noted in Paragraphs 7 and 8 of this Declaration, however, I am not verifying the legal conclusions in any paragraph of the Complaint other than to state that on information and belief, I believe the legal conclusions to be true.

7. The address of Defendant was stated in paragraph 3 of the Complaint as 9701 Wilshire Blvd, 10th Floor, Beverly Hills, CA 90212. However, the last known address of Defendant is 30700 Russell Ranch Rd, Suite 250, Westlake Village, CA2 91362.

8. The amounts stated in Paragraphs 19, 22 and 39 of the Complaint were true and correct as of the date the Complaint was filed, **except** that the amount in the Trust Account at the date of filing the Complaint was $57,867.67 as noted below in subsection "e.". Those amounts should be updated as follows to reflect recent activities:

a. Amount invoiced to Malibu excluding interest: $262,549.92

b. Interest through 12/31/19 as stated in the complaint: $17,508.40

c. Interest for the period 1/1/20 through 2/29/20: $7,876.50

d. Total owed to Plaintiff excluding various additional charges still being invoiced to the Firm: **$287,934.82**

e. <u>Corrected</u> amount in trust account as of the date of filing of the Complaint: $57,867.67

f. Amount received and deposited in trust 1/27/20 $416.67

g. Total amount in Trust Account as of 2/24/20 **$58,284.34**

9. The Firm has incurred legal fees of outside counsel and expenses in connection with this dispute and, as explained in Paragraph 26 of the Complaint, the Engagement Agreement between the Firm and Malibu provides for payment of reasonable attorney fees and costs in connection with efforts by the Firm to collect on its invoices. The Firm has engaged outside counsel in this matter and the amount of fees are presently unknown, however, the costs of filing this suit and service of the summons and Complaint are $475.00.

Pursuant to 28 U.S.C. §1748, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Boca Raton, Florida, on this 26 day of February, 2020.

_____