**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| THE LOMNITZER LAW FIRM, P.A., | ) |
| | ) Civil Case No. 9:20-cv-80027-RKA |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION TO VACATE CLERK'S DEFAULT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS .......................................................................................................1

ARGUMENT ............................................................................................................................2

Applicable Standard. ................................................................................................................2

Defendant Acted Timely in Setting Aside Default ..................................................................3

Plaintiff Will Not Be Prejudiced by Setting Aside Default .....................................................3

Defendant has a Meritorious Defense ......................................................................................4

CONCLUSION .........................................................................................................................5

**TABLE OF AUTHORITIES**

**CASES**

*Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp*., 843 F.2d 808, 811 (4th Cir. 1988) ....................3

*Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 (4th Cir. 1974)............4

*Consolidated Mansonry & Fireproofing, Inc. v. Wagman Construction Corp*., 383 F.2d 249, 251 (4th Cir.1967)....................3

*Dow Chemical Pacific Ltd. v. Rascator Maritime S.A*., 782 F.2d 329, 336 (2nd Cir. 1986)… ....................3

*Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966) ....................2

*Lolatchy v. Arthur Murray, Inc*., 816 F.2d 951, 952-53 (4th Cir. 1987) ....................4

*Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974) ....................2

*Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir. 1951)… ....................2

*U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982)....................2

**FEDERAL RULES OF CIVIL PROCEDURE**

55(c)……………………………….......................1, 2, 3

60……………………………….......................2

60(b)……………………………….......1, 2, 3

12(b)(6)...……………………………….4

# **PRELIMINARY STATEMENT**

Defendant Malibu Media, LLC files this Motion to Vacate the Default entered in this case by the Court Clerk on February 10, 2020 (ECF 9). Vacature is warranted under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure because there is good cause and Defendant's failure to respond to the Complaint in a timely manner was due to mistake, excusable neglect, and/or other reasons justifying the relief sought. In addition, there would be no prejudice to the Plaintiff if the default were vacated, and the Defendant has a meritorious defense.

# **STATEMENT OF FACTS**

1. Plaintiff filed a Complaint for breach of engagement agreement and related claims against Malibu Media, LLC on January 9, 2020 (ECF No. 1).
2. Defendant was served with a copy of the Summons and Complaint on January 17, 2020.
3. An Answer was due on or before February 7, 2020.
4. On February 10, 2020, Plaintiff filed a Motion for Entry of Clerk's Default (ECF 8).
5. That same day, Defendant requested a short extension of time to retain local counsel and Answer the Complaint.
6. Defendant's counsel responded to Plaintiff's request indicating that Defendant would agree to the extension provided Plaintiff's selected local counsel filed a notice of appearance by February 14, 2020, file a motion to set aside the clerk's default by February 21, 2020 and that a substantive response to the Complaint be filed by February 21, 2020.
7. Defendant continued its efforts to retain local counsel.
8. On February 26, 2020, Plaintiff filed a Motion for Default Judgment (ECF 11), which remains pending with the Court.

1

9. Since this time, Plaintiff and Defendant have engaged in substantive settlement discussions, though no agreement has yet been reached. Defendant expressed its desire to resolve the matter without further litigation and requested withdrawal of the Motion for Default Judgment. Plaintiff's counsel declined to withdraw the Motion.

10. For the reasons set out more fully below, Defendant respectfully requests, pursuant to Federal Rules 55(c) and 60(b), that this Court vacate the Clerk's Default and allow Defendant an opportunity to respond to the Complaint and defend the case on its merits.

## ARGUMENT

**THE APPLICABLE STANDARD**

The courts in this Circuit disfavor default judgments and encourage decisions on the merits. *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974). The clear policy of the Rules is to encourage dispositions of claims on their merits. See *Id.* at 1135. Courts are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom. See Fed. R. Civ. P. 55(c), 60(b). *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982). Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits. *Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966). As the Court noted in *Tozer v. Charles A. Krause Milling Co.*, "the interests of justice are best served by a trial on the merits…" *Tozer*, 189 F.2d at 245-246.

In using its discretion when deciding whether to vacate, the Court must consider (1) whether the defendant acted timely in moving to vacate the default (2) whether the plaintiff will be prejudiced if the default judgment is vacated, and (3) whether the defendant has a meritorious

defense. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988). All three criteria are satisfied, as shown below.

### A. Defendant Acted Timely in Vacating the Default

The first consideration in evaluating whether an entry of default should be set aside is whether Defendant acted in a timely manner to request that the Court set aside the default. The Fourth Circuit has held that a district court acting on a Rule 55(c) motion can take into account whether the moving party acted with "reasonable promptness," when evaluating whether the defendant acted in a timely manner to have the default set aside. See *Consolidated Mansonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir.1967). See also *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2nd Cir., 1986). Here, Defendant acted in a reasonable manner to address the matter once it and its owner became fully aware of the extent of the accusations. Defendant is filing this motion eight days after opposing counsel declined to withdraw the Request for Default, and two days after the Clerk entered the Default. During this time, Plaintiff and her agents have been calling and texting Defendant telling her "not to worry about the default judgement" while Defendant was moving forward. Defendant has engaged in good faith settlement efforts only to have unreasonable and illogical settlement demands thrown at her under the threat of a default judgment.  Given the impasse in settlement discussions, Defendant seeks this Honorable Court to grant the instant Motion to Vacate the Clerk's Default.  By any measure, Defendant is acting in a timely manner to have the default set aside.

### B. Plaintiff Will Not Be Prejudiced by Setting Aside the Default

3

The second consideration in evaluating whether an entry of default should be set aside is whether vacating the default would prejudice the Plaintiff. Whether a plaintiff would be prejudiced by vacating an entry of default is determined by examining whether vacating the default would prevent the plaintiff from re-filing its claim in the same or another jurisdiction against other culpable parties it has learned about through discovery, or whether the passage of time has made witnesses or evidence unavailable, or whether the plaintiff has substantially relied on the entry of default or default judgment. See *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 952-53 (4th Cir., 1987).

None of the above problems exist in this case. Plaintiff here has not suffered any cognizable prejudice of the type that courts in this Circuit recognize. If the Default is vacated, Plaintiff will still have the full opportunity to pursue its case against Defendant for the alleged copyright infringement. The case will simply continue as if the Request for Default had never been filed. There is no statute of limitations issue or other potentially prejudicial problem. Most importantly, the final default judgement has not been entered by the Court yet, so there cannot be any justifiable reliance by Plaintiff.

In short, Plaintiff will not be prejudiced by the Court setting aside the default.

C. **Defendant has a Meritorious Defense**.

The third consideration in evaluating whether an entry of default should be set aside is whether the Defendant has a meritorious defense to the claims against him. A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim. *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 (4th Cir.1974). In this case, Defendant has several meritorious defenses, including that the Plaintiff breached its fiduciary obligations to Defendant, that it overbilled for work

4

actually performed, that it employed improper accounting controls, and that funds which should have been held in trust were comingled with other funds.

Accordingly, the Court should vacate the Default and allow Defendant the opportunity to defend itself on the merits. Defendant contemporaneously files the Answer with this Motion to Vacate.

## CONCLUSION

Defendant has shown that it has at least one meritorious defense which would defeat Plaintiff's claims. It also has shown that there would be no prejudice to Plaintiff if the Default were vacated, and that it acted in a timely manner when requesting that the court set the default aside. Thus, there is good cause for the Court to vacate the Default and provide Defendant with the opportunity to defend the claims against it on the merits. Accordingly, the Court should vacate the Default.

Respectfully submitted,

Dated: March 10, 2020

By: /s/ Antonio S. Gonzalez
ANTONIO S. GONZALEZ, ESQ.
Florida Bar No. 128082
ANTONIO S. GONZALEZ. P.A
3211 Ponce de Leon Blvd
Ste. 207
Miami, Florida 33134-7274
Telephone: (305) 774-6569
E-mail: asgpa@aol.com
**ATTORNEY FOR DEFENDANT**