**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No.9:20-cv-80027-RKA

| | |
|---|---|
| THE LOMNITZER LAW FIRM, P.A. | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MALIBU MEDIA, LLC | ) |
|     Defendant | ) |

## PLAINTIFF'S CONDITIONAL OPPOSITION TO THE BELATED MOTION TO SET ASIDE DEFAULT ENTRY BY THE CLERK

NOW COMES THE PLAINTIFF, by and through undersigned counsel, and submits this conditional opposition to Plaintiff's belated motion [ECF No. 12] to vacate the Clerk's entry of Default [ECF No 9] against the Defendant and states as follows:

The issue is _not_ whether it is preferable to decide a dispute on the merits rather than by default. Rather, there are three issues. The first issue is whether Defendant's delay was justified. No facts are presented on the first issue, merely a conclusory allegation. The second issue is whether there is any prejudice to the Plaintiff. There is, but again, Defendant presents no facts but merely a conclusory allegation to the contrary. Thus, Defendant's motion omits salient facts and ignores the prejudice to Plaintiff. The third issue is that Defendant has failed to comply with Local Rule 7.1.

First, Defendant never explains why it failed to respond when Plaintiff proposed a mechanism to set aside the clerk's default by agreement. (See, Defendant's Statement of Facts ¶6)

Second, Defendant never explains its efforts to retain local counsel. (See, Defendant's Statement of Facts ¶7)

Third, Defendant never addresses this Court's Order on Default Judgment Procedure [ECF No. 10] which required Plaintiff to proceed by February 27, 2020, nor Plaintiff's compliance with that order which caused Plaintiff to incur legal fees thus unnecessarily prejudicing Plaintiff.

Fourth, Defendant states that no agreement (on settlement) has been reached (Defendant's Statement of Facts ¶9) although a settlement document has, in fact, been signed by Defendant.

Is there a settlement? If not, what took Defendant so long to respond and how to best mitigate the prejudice to the Plaintiff?

## **Relief Requested**

Plaintiff asks the Court to refer this matter to Magistrate Judge Brannon for a Settlement Conference, with principals appearing in person, so that the Court can ascertain if, in fact, a settlement has been reached or, alternatively, if the Court can assist the parties in that regard. Plaintiff submits that any vacating or setting aside the Clerk's Entry of Default should be deferred pending such a Settlement Conference and, if there is no settlement, then conditioned upon Defendant reimbursing Plaintiff its attorney fees incurred <u>after</u> February 21, 2020 (the date proposed by Plaintiff as an agreeable extension of time) through and including any Settlement Conference.

Similarly, a ruling on Plaintiff's Motion for Final Default Judgment should be deferred pending (a) the result of any settlement conference before the Magistrate Judge and if there is no Settlement, then (b) granted only if Defendant eliminates the prejudice to Plaintiff by reimbursement of attorney fees incurred in compliance with this Court's Order on Final Judgment Procedure through and including any Settlement Conference.

Dated: March 11, 2020                    Respectfully submitted,

By:/s/ Jerold I. Schneider
Jerold I. Schneider
Florida Bar No.: 26975
Jerold I. Schneider, P.A.
7127 Corning Cir.
Boynton Beach, FL 33437-3987
Telephone: (561) 309-5374
Jerold.schneider@schneideriplaw.legal
   *Attorney for Plaintiff*